UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: JAMES B. OONK, JR., Debtor.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

    File No. 1:10-CV-616

v.

    HON. ROBERT HOLMES BELL

LISA E. GOCHA,

    Defendant.
_____/

## **O P I N I O N**

This matter comes before the Court on Plaintiff United States' motion to withdraw reference to the bankruptcy court and to consolidate the present adversary proceeding between the United States and Trustee Lisa E. Gocha with the United States' action in this court against James B. Oonk, Jr., *United States v. Oonk*, No. 1:10-CV-557 (Dkt. No. 1). The United States has also filed a motion to stay proceedings in the bankruptcy court pending disposition of the motion to withdraw reference. (Dkt. No. 5.) For the reasons that follow, the motion to withdraw reference will be denied and the motion for stay will be denied as moot.

**I.**

This dispute stems from a payment in the amount of $82,772.00 from Regency

International Flooring, LLC ("Regency") to the IRS to satisfy taxes reported by one of Regency's co-owners, James B. Oonk, Jr., the IRS's refunds of $22,476.00 and $51,995.60 to Oonk after he filed amended tax returns, and the subsequent Chapter 7 bankruptcies filed by Regency and Oonk. *See In re Regency Flooring, LLC*, No. 06-05402 (Bankr. W.D. Mich.); *In re Oonk*, 06-05572 (Bankr. W.D. Mich.). Regency's Chapter 7 Trustee, Jeff A. Moyer, filed an adversary action against the United States to avoid the transfer from Regency to the IRS on behalf of Oonk. The bankruptcy court entered judgment in favor of Trustee Moyer and against the United States based on its conclusion that Regency's payment of Oonk's tax liability was a fraudulent conveyance. The United States' appeal of that ruling is pending before this Court in *United States v. Moyer*, 1:09-CV-1146 (W.D. Mich.) (Bell, J.). In July of 2009 the United States filed an adversary action against Oonk, Trustee Moyer, and Trustee Gocha in Oonk's Chapter 7 bankruptcy. The bankruptcy court dismissed the United States' claims against Trustee Moyer and Oonk. Thereafter, the United States filed an action against Oonk in this court. *United States v. Oonk*, 1:10-CV-557 (W.D. Mich.) (Bell, J.). According to the United States, all that remains of its adversary action in the Oonk bankruptcy is the United States' objection to Trustee Gocha's proposed settlement with Oonk, by which Oonk would pay Trustee Gocha $40,000 in settlement of Trustee Gocha's claim to Oonk's post-petition receipt of the second refund from the IRS, and the United States' effort to impose a constructive trust on the $40,000 settlement deposit. The United States has now filed a motion to withdraw reference of its adversary action against Trustee

Gocha based on its contention that resolution of its claims against Oonk and Gocha in one judicial proceeding before the same judge who is also presiding over the United States' claims against Trustee Moyer will result in judicial economy and will guard against inconsistent results.

## II.

The bankruptcy code provides that the district court may withdraw any case referred to the bankruptcy court "for cause shown." 28 U.S.C. § 157(d). In determining whether a party has shown sufficient "cause" to withdraw a reference, courts consider the following factors:

> (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

*In re Mathson Indus., Inc.*, 408 B.R. 888, 892 (E.D. Mich. 2009) (quoting *S. St. Seaport Ltd. P'ship v. Burger Boys (In re Burger Boys)*, 94 F.3d 755, 762 (2d Cir.1996). Of these factors, the first, i.e., whether the claim is core or non-core, is the most important. *In re Burger Boys*, 94 F.3d at 762. Core proceedings are those that "involve a cause of action created or determined by a statutory provision of title 11" or "by their very nature, could arise only in bankruptcy cases." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991).

## III.

The United States' appeal of the Moyer adversary proceeding, its federal district court action against Oonk, and its adversary proceeding against Gocha, all involve competing

3

claims to property arising out of the original payment of $82,772.00 made by Regency to the IRS. The United States contends that because these claims are interrelated, it would be more efficient for all of these claims to be adjudicated before one court.

Trustee Gocha opposes withdrawal of reference because the United States' claim against the Trustee is ripe for adjudication, the United States' claim against the Trustee is not dependent upon the outcome of the fraudulent transfer claim on appeal or the outcome of the United States' district court case against Oonk, and consolidation of the adversary proceeding against the Trustee with the claim against Oonk in the district court will prejudice the Trustee by delaying resolution of the adversary proceeding and the bankruptcy case.

Although neither party has addressed the issue, it appears that the United States' claim against the Trustee is a core proceeding inasmuch as its claim against the bankruptcy Trustee to impose a constructive trust on assets of the bankruptcy estate and to oppose a settlement between the bankruptcy trustee and the debtor involve claims that could only arise in bankruptcy cases.

The Court is not convinced that withdrawal of reference would constitute the most efficient use of judicial resources. The United States' adversary proceeding against Trustee Gocha has been pending in the bankruptcy court since July of 2009. (Dkt. No. 1, Attach. 2, Bankr. Dkt. No. 1.) The time for taking discovery and filing dispositive motions has passed. (*Id.* at Bankr. Dkt. No. 42, First Pretrial Order.) A pretrial conference is to be held on September 2, 2010, trial briefs are due by October 1, 2010, and the trial is to take place

during the month of October 2010. (*Id.*)  The case is now on the eve of trial. The bankruptcy court has already familiarized itself with this adversary proceeding.  In addition, a withdrawal of reference at this point in the proceedings would inevitably delay adjudication of the issues presented in the adversary proceeding.

Moreover, allowing the bankruptcy court to make a ruling in this adversary proceeding promotes uniformity of bankruptcy administration.  The bankruptcy court presided over the Regency bankruptcy case, the Oonk bankruptcy case, is already intimately familiar with all of the competing claims to property arising out of the original payment of $82,772.00 made by Regency to the IRS.  The bankruptcy court should be allowed to rule on this adversary proceeding in the first instance, subject of course to the parties' right to appeal.  Allowing the bankruptcy court to proceed in its normal course prevents speculation about potential bankruptcy court rulings and forum shopping.

The Court observes no good purpose for withdrawing the reference to the bankruptcy court.  Accordingly, the United States' motion to withdraw reference will be denied and the motion for stay will be denied as moot.

An order consistent with this opinion will be entered.

Dated: August 19, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE